# UNITED STATES DISTRICT COURT
for the
District of South Carolina 

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
Galaxy S22 Ultra, SM-S908U SN: R5CT915XYFJ

Case No. 6:24cr1039

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Galaxy S22 Ultra, SM-S908U SN: R5CT915XYFJ

located in the _____ District of ___South Carolina___, there is now concealed *(identify the person or describe the property to be seized)*:

See attached affidavit.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 2251, 2252, 2252A | Possession and production of child pornography |

The application is based on these facts:

See attached affidavit.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: ____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

HSI SPECIAL AGENT DANIEL B. HITTNER
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 6, 2023

_____
*Judge's signature*

City and state: GREENVILLE, SC

US MAGISTRATE JUDGE KEVIN F. MCDONALD
*Printed name and title*

## AFFIDAVIT

I, Daniel B. Hittner, being duly sworn, do hereby depose and state:

### I.   INTRODUCTION

I have been employed as a Special Agent ("SA") of the U.S. Department of Homeland Security ("DHS"), Homeland Security Investigations ("HSI") since March of 2008 and am currently assigned to the Greenville, South Carolina, Office of the Resident Agent in Charge. I have also held assignments with HSI in Miami, Florida; Fort Lauderdale, Florida; and Toronto, Ontario, Canada. Prior to working with HSI, I was a police officer with the New York City Police Department (NYPD) for three years and a U.S. Customs and Border Protection (CBP) Officer for 18 months. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 1591, 2421, 2423, 2252, and 2422; and I am authorized by law to request a search warrant.

### II.   PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a warrant to search the electronic device described below in this affidavit for evidence of violations of 18 U.S.C. §§ 2251(a), 2252A (production and possession of child pornography).

2. The contents of this affidavit are based upon my personal knowledge, observations and training, prior investigations, and where noted or otherwise indicated by context, information related to me by other law enforcement officers and witnesses. The affidavit is

offered to establish probable cause to support the requested search warrant and does not purport to set forth all of my knowledge of, or investigation into, this matter.

### III.   ITEMS TO BE SEARCHED

3. The item to be searched is as follows:

    Item 1: Galaxy S22 Ultra, SM-S908U SN: R5CT915XYFJ

    The South Carolina Law Enforcement Division (SLED) seized the cellular telephone on April 28, 2023 and where indicated by context, referred to herein as the "electronic device."

### IV. ITEMS TO BE SEIZED

4. The following items to be seized constituting evidence of violations of Title 18, United States Code, sections 2251(a), 2252A:

    a. Any file depicting or containing child pornography, as defined in Title 18, United States Code, § 2256;

    b. Any file, record, document, image, communication or other form of data pertaining to the production, possession, receipt, distribution and/or reproduction of child pornography, as defined in Title 18, United States Code, § 2256;

    c. Any file, record or document identifying persons transmitting, through interstate commerce, including by computer, any visual depiction of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, § 2256;

    d. Any file, record or document bearing on the production, receipt, shipment, orders,

requests, trades, purchases or transactions of any kind involving the transmission through interstate commerce, including by computer, of any visual depiction of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, § 2256;

e. Any file, record or document pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with the purchase, sale, trade, or transmission, through interstate commerce of any visual depiction of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, § 2256;

f. Any file, record or document which lists names and addresses of any minor visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, § 2256;

g. Any file, record or document which shows the offer to transmit through interstate commerce any depictions of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, § 2256;

h. Any items displayed in the child pornographic images posted by the suspect to the Internet chat room described within the Affidavit herein;

i. Any and all materials or items which are sexually arousing to individuals who are interested in minors, but which are not in and of themselves obscene or which do not necessarily depict minors involved in sexually explicit conduct. Such material is commonly known as "child erotica" and includes written materials dealing with child development, sex education, child pornography, sexual abuse of children, incest, child prostitution, missing children, investigative techniques of child exploitation, sexual disorders, pedophilia, nudist publications, diaries, and fantasy

      writings. "Child erotica" may also include, in this context, sex aids and/or toys;

j. Electronically stored communications or messages reflecting computer on-line chat sessions or e-mail messages with a minor that are sexually explicit in nature, as defined in Title 18, United States Code, § 2256;

k. As used above, the terms records, documents, programs, applications or materials include records, documents, programs, applications or materials created, modified or stored in any form.

In searching for data capable of being read, stored or interpreted by the electronic devices, law enforcement personnel executing this search warrant will employ the following procedure:

i. The electronic devices will be transported to an appropriate law enforcement laboratory for review. The electronic devices will be reviewed by appropriately trained personnel in order to extract and seize any data that falls within the list of items to be seized set forth herein.

ii. In searching the electronic devices, the examining personnel may examine all of the data contained in the electronic devices to view their precise contents and determine whether the data falls within the items to be seized as set forth herein. In addition, the examining personnel may search for and attempt to recover "deleted," "hidden" or encrypted data to determine whether the data falls within the list of items to be seized as set forth herein.

iii. The search of the electronic devices will be completed within a reasonable amount of time not to exceed sixty (60) days from the date of execution of the warrant If, after conducting such a search, the case agents determine that an electronic device

Page 4 of 7

contains any data falling within the list of items to be seized pursuant to this warrant, the government will retain the electronic device; otherwise, the government will return the electronic device to the GCSO, which originally seized the electronic devices, for further evidentiary use or disposition in accordance with state law. If the government needs additional time to determine whether the data on the electronic devices falls within any of the items to be seized pursuant to this warrant, it may seek an extension of the time period from the Court within the original sixty (60) day period from the date of execution of the warrant.

## V. <u>PROBABLE CAUSE</u>

5. In March of 2023, Homeland Security Investigations received information that a minor female was possibly working illegally via false documents at Pharmaceutical Associates Incorporated, located at 1700 Perimeter Road, Greenville, SC 29605. Representatives of Pharmaceutical Associates Incorporated stated that the suspected minor female was known to them as Serenity B. Mendez, and was employed through a staffing company known as Secondary Solutions, located at 101 Northeast Drive, Spartanburg, SC.

6. On April 18, 2023, contact was made with Secondary Solutions staff regarding the Hispanic female known as Serenity B. Mendez. Copies of the employee paperwork were provided and consisted of Secondary Solutions Employment Application, Employee's withholding Certificate (W4), Employment Eligibility Form (I9), and the supporting documents. The supporting documents were found to be a fraudulent California Identification Card, a Social Security Card bearing the name of Serenity B. Mendez, and personal identification information. The address provided by the subject using the identity of Serenity B. Mendez was 201 Kingswood Avenue, Spartanburg, SC.

7. On April 28, 2023, SLED's Immigration Enforcement Unit and Human Trafficking Unit, Department of Homeland Security Investigations, and the Spartanburg County Sheriff's Office executed a search warrant on 201 Kingswood Avenue, Spartanburg, South Carolina,

Page **5** of 7

at approximately 10:00 am. During the execution of the warrant, a Hispanic female, who was obviously a minor child, was located hiding in a bedroom closet in the bedroom on the right side of the residence, and a Hispanic male was in the bedroom on the left side of the residence.

8. During the consensual interview of the minor Hispanic female ("MHF"), agents learned her true identity and that she was a Guatemalan National, 16 years of age. The bedroom in which MHF was found hiding included a love seat located to the left upon entering the bedroom, a bed along the left wall from the doorway, and next to the bed a mattress on the floor that ran horizontally to the bed along the wall. MHF stated that she slept on the mattress on the floor while a man later identified as Moises Ramos-Castillo, slept in the bed in the same room. Also located in the bedroom were two cell phones, which MHF claimed belonged to her. One phone is described as a small black and gold phone with the word "CORN" on the back of it, and the other is a black and gray Motorola cellphone with a clear plastic case.

9. Also during the execution of the search warrant, a Mexican passport was located confirming Ramos-Castillo was a Mexican National with a date of birth of 12/21/1988 (34 years of age). The male located in the residence at the time of the execution of the search warrant was Israel Ramos-Castillo, also a Mexican National who was 38 years of age. It was also discovered that MHF had been reported missing from Manatee County Sheriff's Office in Florida on December 09, 2022. This information led to MHF being taken into emergency protective custody by the Spartanburg County Sheriff's Office and placed in the custody of the South Carolina Department of Social Services (SCDSS).

10. Also during the execution of the search warrant, RAMOS-CASTILLO returned to the residence and was taken into custody. Search incident to arrest, agents located a black Android Galaxy S22 Ultra cellphone in a black Otterbox case on Ramos-Castillo. Ramos-Castillo agreed to speak with agents and was provided Miranda warnings prior to the interview. RAMOS-CASTILLO was later arrested on state charges that are pending.

11. On June 22, 2023, at the request of SLED, and pursuant to a sworn State of South Carolina search warrant, Homeland Security Investigations Computer Forensics Analysts (CFA) initiated a forensic examination of the Galaxy S22 Ultra belonging to RAMOS-CASTILLO. During the initial examination, CFAs discovered images of what appears to be a nude minor female, under the age of eighteen. Additional images were found showing MHF and RAMOS-CASTILLO kissing and RAMOS-CASTILLO touching MHF's chest. Upon reaching this discovery, analysis was discontinued in lieu of a new search warrant covering criminal violations related to the exploitation of children.

## VI. CONCLUSION

12. Based upon the foregoing, I submit that there is probable cause to believe that evidence of violations of Title 18, United States Code, Section 2251(a) are contained on the electronic device described above.

13. This affidavit has been reviewed by Assistant U.S. Attorney Carrie Fisher Sherard.

_____
Daniel B. Hittner
Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations

SWORN to and SUBSCRIBED before me this _____ day of July, 2023.

_____
KEVIN F. MCDONALD
United States Magistrate Judge